UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Dolores J. Matute

    Plaintiff,

v.

Guillermo R. Ruz

    Defendant,
_____/

## **COMPLAINT**

Comes now the Plaintiff Dolores J. Matute, by and through the undersigned counsel, and hereby sues Defendant Guillermo R. Ruz and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime and minimum wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Dolores J. Matute (hereinafter Dolores J. Matute, or Plaintiff) is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Guillermo R. Ruz (hereinafter Guillermo R. Ruz, or Defendant) is a Miami-Dade County resident who employed Plaintiff Dolores J. Matute as a domestic employee. This individual Defendant is a covered employer for purposes of the Act.

### General Allegations

4. Defendant Guillermo R. Ruz employed Plaintiff Dolores J. Matute as a household domestic employee and caregiver to work in his private residence located at 9265 SW 146th Court, Miami, Florida 33186.

5. Defendant owned, managed, maintained, and provided the essentials of daily living, such as utilities and food.

6. Plaintiff worked for the family approximately from May 8, 2020, to May 31, 2022, or 107 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 94 weeks.

7. Plaintiff's duties included routine general household work, cooking, cleaning, laundry, and taking care of Defendant's wife, Mrs. Nereida A. Ruz, who was suffering from a terminal disease.

8. The health conditions of the patient generated an extraordinary workload. Plaintiff spent hours repeating activities of daily living such as bathing, dressing, grooming, feeding, toileting, and cleaning, trying to keep sanitary conditions at the residence.

9. Plaintiff's duties also included administering medications and monitoring the patient's oxygen supply.

10. These personal care, and routine household work, exceeded, at large, the 20% limit required for a "companionship" exemption.

11. While employed by Defendant, Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid minimum wages and overtime hours.

12. Plaintiff was not a live-in domestic employee. She lived in her own residence and was entitled to receive minimum and overtime wages.

13. During her employment, Plaintiff had an irregular schedule, and she worked as follows:

14. <u>1.- First period, from May 8, 2020, to November 1, 2020=, 25 weeks.</u> Plaintiff worked five days from Monday to Friday, from 9:30 AM to 3:30 PM (6 hours daily), a total of 30 hours weekly. Plaintiff was paid $250.00 weekly, or $8.33 an hour.

15. The Florida minimum wage for this period was $8.56 an hour. Plaintiff is owed a minimum wage difference of $0.23 for 30 hours worked every week.

16. <u>2.- Second period, from approximately December 01, 2020, to approximately February 28, 2021= 13 weeks,</u>

17. Plaintiff worked five days per week. From Wednesday to Friday, she worked from 5:00 PM to 8:00 AM on Saturdays (15 hours daily) or 45 hours worwed in three days. On Saturdays at 8:00 AM, Plaintiff began a weekend shift of 48 hours which ended On Monday at 8:00 AM. Plaintiff stayed working at Defendant's private residence.

18. On Mondays at 8:00 AM, Plaintiff went home and did not return to work until Wednesday.

19. Plaintiff worked a total of 93 hours per week, and she was paid a total of $300.00 weekly ($150.00 covering 3 days + $150.00 covering the weekends=$300.00), resulting in a regular rate of $3.23 an hour, which is below the required minimum wage.

20. In this period, Plaintiff is owed a minimum wage difference for 93 hours worked and 53 overtime hours.

21. Plaintiff was absent in March and April 2021 due to hand surgery.

22. <u>3.- Third period, from approximately May 01, 2021, to approximately December 31, 2021= 35 weeks,</u>

23. Plaintiff worked Wednesday and Thursday from 5:00 PM to 8:00 AM (15 hours each day) or 30 hours in two days. On weekends starting Friday at 8:00 AM and ending on

Monday at 8:00 AM, Plaintiff worked 48 additional hours. Plaintiff worked a total of 78 hours per week.

24. Plaintiff was paid a total of $420.00 ($120.00 covering Wednesday and Thursday + $300.00 covering Friday, Saturday, and Sunday=$420.00), which, divided by 78 hours worked, resulted in a regular rate of $5.38, a rate below the required minimum wage.

25. In this period, Plaintiff is owed a minimum wage difference for 78 hours worked and 38 overtime hours.

26. <u>4.- Fourth period, from approximately January 01, 2022, to May 31, 2022=21 weeks</u>

27. Plaintiff worked seven days per week. Plaintiff worked from Monday to Friday from 5:PM to 8:00 AM (15 hours daily). Plaintiff worked 75 hours in five days. On Saturdays at 8:00 AM, Plaintiff began a weekend shift of 48 hours which ended on Monday at 8:00 AM (48 hours). Plaintiff worked a total of 123 hours every week.

28. Plaintiff rested at home from Monday to Friday from 9:00 AM to 4:00 PM.

29. Plaintiff was paid $600.00 weekly ($300.00 covering 5 days Monday to Friday + $300.00 covering the weekend=$600.00), which, divided by 123 hours worked, resulted in a wage rate of $4.88 an hour, a rate lower than the required minimum wage for that period.

30. In this period, Plaintiff is owed a minimum wage difference for 123 hours worked and 83 overtime hours.

31. During her time of employment with Defendant, Plaintiff was unable to take bonafide lunch periods.

32. On weekends, Plaintiff was required to be on duty for 48 continuous hours, in which she was unable to sleep at least 5 hours in her entire shift. Thus, on Saturdays and Sundays, the 24 hours must be counted as working hours as per FLSA regulations.

33. Plaintiff did not reside at Defendant's private residence. Plaintiff had her own home. Thus, Plaintiff did not meet the definition to be considered a live-in domestic service employee. As such, Plaintiff must be paid at least the federal minimum wage for all hours worked and overtime pay at the rate of one and a half times her regular rate of pay for all hours worked over 40 in a workweek.

34. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff.

35. Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. On or about May 2022, Defendant's wife passed away, and Defendant discharged Plaintiff.

37. Plaintiff Dolores J. Matute seeks to recover unpaid minimum and overtime wages accumulated during her entire period of employment with Defendant.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

38. Plaintiff re-adopts every factual allegation stated in paragraphs 1-37 above as if set out in full herein.

39. This action is brought by Plaintiff Dolores J. Matute to recover from the Employer Guillermo R. Ruz unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

    **(l) Employment in domestic service in one or more households**
    No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

40. Title 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. At all times relevant to this action, Plaintiff Dolores J. Matute was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

42. At all times relevant to this action, Defendant was Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

44. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

45. Pursuant to 29 USC § 206, at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

46. Defendant Guillermo R. Ruz employed Plaintiff Dolores J. Matute as a household domestic employee and caregiver to work in his private residence located at 9265 SW 146th Court, Miami, Florida 33186.

47. Plaintiff worked for the family approximately from May 8, 2020, to May 31, 2022, or 107 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 94 weeks.

48. Plaintiff's duties included routine general household work, cooking, cleaning, doing the laundry, and providing personal care for Defendant's wife, who was suffering from a terminal disease.

49. These personal care, and routine household work, exceeded, at large, the 20% limit required for a "companionship" exemption.

50. While employed by Defendant, Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid for overtime hours.

51. Plaintiff was not a live-in domestic employee. She lived in her own residence and was entitled to receive minimum and overtime wages.

52. During her employment, Plaintiff had an irregular schedule, and she worked as follows:

53. 1.- First period, from May 8, 2020, to November 1, 2020=, 25 weeks, Plaintiff worked five days, a total of 30 hours weekly, and she was paid $250.00 weekly. Plaintiff does not have overtime claims for this period.

54. 2.- Second period, from approximately December 01, 2020, to approximately February 28, 2021= 13 weeks,

55. Plaintiff worked five days per week on an irregular schedule of 93 hours weekly. Plaintiff was paid a total of $300.00 weekly resulting in a regular rate of $3.23 an hour, which is below the required minimum wage for that period.

56. In this period, Plaintiff is owed 53 overtime hours weekly.

57. Plaintiff was absent from work in March and April 2021 due to hand surgery.

58. <u>3.- Third period, from approximately May 01, 2021, to approximately December 31, 2021= 35 weeks,</u>

59. Plaintiff worked five days per week, a total of 78 hours per week.

60. Plaintiff was paid a total of $420.00 which, divided by 78 hours worked, resulted in a regular rate of $5.38, a rate lower than the required minimum wage for that period.

61. In this period, Plaintiff is owed 38 overtime hours weekly.

62. <u>4.- Fourth period, from approximately January 01, 2022, to May 31, 2022=21 weeks</u>

63. Plaintiff worked seven days per week, a total of 123 hours every week.

64. Plaintiff was paid $600.00 weekly, which, divided by 123 hours worked, resulted in a wage rate of $4.88 an hour, a rate lower than the required minimum wage for that period.

65. In this period, Plaintiff is owed 83 overtime hours weekly.

66. During her time of employment with Defendant, Plaintiff was unable to take bonafide lunch periods.

67. On weekends, Plaintiff was required to be on duty for 48 continuous hours, in which she was unable to sleep at least 5 hours in her entire shift. Thus, on Saturdays and Sundays, the 24 hours must be counted as working hours as per FLSA regulations.

68. During her employment with Defendant, Plaintiff worked in excess of 40 hours weekly, but she was not paid for overtime hours.

69. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff.

70. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

71. During her entire time of employment with Defendant, Plaintiff was paid in cash, without any paystub with information regarding her rate of payment, job classification, hours worked, or employee taxes withheld.

72. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendant. Nevertheless, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

73. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    \* Please note that this amount is based on preliminary calculations and that these figures could be subject to modification as discovery could dictate.
    \* Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Seventeen Thousand Four Hundred Fifty-Seven Dollars and 27/00 ($17,457.27)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: 107 weeks
    Total number of relevant weeks: 69 weeks

    **2.- Second period, O/T from approx. December 01, 2020, to approx. February 28, 2021= 13 weeks**,

    >    Total relevant weeks: 13 weeks
    >    Total hours worked: 93 hours weekly
    >        Total of overtime hours worked: 53 O/T hours

Total of unpaid overtime hours: 53 O/T hours
Paid weekly:  $300.00:93 hours=$3.23
Florida minimum wage 2021: $8.65 x 1.5=$12.98 O/T rate
O/T rate: $12.98-$8.65=$4.33
Half-time:$4.33 an O/T hour

$4.33 x 53 hours=$229.49 weekly x 13 weeks=2,983.37

**3.- Third period, O/Tfrom approx. May 01, 2021, to approx. December 31, 2021= 35 weeks,**

    Total relevant weeks: 35 weeks
    Total hours worked: 78 hours weekly
       Total of overtime hours worked: 38 O/T hours
Total of unpaid overtime hours: 38 O/T hours
Paid weekly:  $420.00:78 hours=$5.38
Florida minimum wage 2021: $8.65 x 1.5=$12.98 O/T rate
O/T rate: $12.98-$8.65=$4.33
Half-time:$4.33 an O/T hour

$4.33 x 38 hours=$164.54 weekly x 35 weeks=5,758.90

**4.- Fourth period, O/T from approx.January 01, 2022, to May 31, 2022=21 weeks**
    Total relevant weeks: 21 weeks
    Total hours worked: 123 hours weekly
       Total of overtime hours worked: 53 O/T hours
       Total of unpaid overtime hours: 53 O/T hours
Paid weekly:  $600.00:123 hours=$4.88
Florida minimum wage 2022: $10.00 x 1.5=$15.00 O/T rate
O/T rate: $15.00-$10.00=$5.00
Half-time:$5.00 an O/T hour

$5.00 x 83 hours=$415.00 weekly x 21 weeks=8,715.00

    Total # 2, #3, and #4:  $17,457.27

c.  <u>Nature of wages</u> (e.g., overtime or straight time):

    The amount represents the unpaid half-time overtime.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

74. At all times material hereto, the Employer/Defendant Guillermo R. Ruz failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

75. Defendant knew and/or showed reckless disregard for the provisions of the Act to inform Plaintiff of her Federal right to overtime payments.

76. Defendant Guillermo R. Ruz willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages, and Plaintiff is entitled to recover double damages.

77. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Dolores J. Matute respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Guillermo R. Ruz based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Dolores J. Matute demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206**

78. Plaintiff re-adopts every factual allegation stated in paragraphs 1-37 of this Complaint as is set out in full herein.

79. This action is brought by Plaintiff Dolores J. Matute to recover from the Employer Guillermo R. Ruz unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

80. At all times relevant to this action, Plaintiff Dolores J. Matute was an employee of Defendant within the meaning of the FLSA 29 U.S.C. §203 (e).

81. At all times relevant to this action, Defendant was Plaintiff's Employer within the meaning of the FLSA 29 U.S.C. §203 (d).

82. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

83. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

84. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1) at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

85. Specifically, Title 29 U.S.C. §206 (f) states:

    **Employees in domestic service**
    Any employee—
    **(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
    **(2)** who in any workweek—
    **(A)** is employed in domestic service in one or more households, and
    **(B)** is so employed for more than 8 hours in the aggregate,
    shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

86. And Title 29 U.S.C. §206 (a) (1) states:

    "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
    (1) except as otherwise provided in this section, not less than—
    (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;
    (B) $6.55 an hour, beginning 12 months after that 60th day; and
    (C) $7.25 an hour, beginning 24 months after that 60th day.

87. Defendant Guillermo R. Ruz employed Plaintiff Dolores J. Matute as a household domestic employee and caregiver to work in his private residence located at 9265 SW 146th Court, Miami, Florida 33186.

88. Plaintiff worked for the family approximately from May 8, 2020, to May 31, 2022, or 107 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 94 weeks.

89. Plaintiff's duties included routine general household work, cooking, cleaning, doing the laundry, and providing personal care for Defendant's wife, who was suffering from a terminal disease.

90. These personal care, and routine household work, exceeded, at large, the 20% limit required for a "companionship" exemption.

91. While employed by Defendant, Plaintiff worked more than 40 hours weekly. However, Plaintiff was not paid minimum wages as required by law.

92. Plaintiff was not a live-in domestic employee. She lived in her own residence and was entitled to receive minimum and overtime wages.

93. During her employment, Plaintiff had an irregular schedule, and she worked as follows:

94. <u>1.- First period, from May 8, 2020, to November 1, 2020=, 25 weeks,</u>

95. Plaintiff worked five days, a total of 30 hours weekly. Plaintiff was paid $250.00 weekly, or $8.33 an hour.

96. In this period, the Florida minimum wage was $8.56 an hour. Plaintiff is owed a minimum wage difference of $0.23 for every hour worked.

97. <u>2.- Second period, from approximately December 01, 2020, to approximately February 28, 2021= 13 weeks,</u>

98. Plaintiff worked five days per week, a total of 93 hours per week, and she was paid $300.00 weekly, which, divided by 93 hours worked, resulted in a regular rate of $3.23 an hour, a rate lower than the required minimum wage for that period.

99. In this period, Plaintiff is owed a minimum wage difference for 93 hours worked weekly.

100. Plaintiff was absent in March and April 2021 due to hand surgery.

101. <u>3.- Third period, from approximately May 01, 2021, to approximately December 31, 2021= 35 weeks,</u>

102. Plaintiff worked five days, a total of 78 hours per week.

103. Plaintiff was paid $420.00 weekly, which, divided by 78 hours worked, resulted in a regular rate of $5.38, a rate lower than the required minimum wage for that period.

104. In this period, Plaintiff is owed a minimum wage difference for 78 hours worked weekly.

105. <u>4.- Fourth period, from approximately January 01, 2022, to May 31, 2022=21 weeks</u>

106. In this period, Plaintiff worked seven days per week, a total of 123 hours weekly.

107. Plaintiff was paid $600.00 weekly, which, divided by 123 hours worked, resulted in a wage rate of $4.88 an hour, a rate below the required minimum wage for that period.

108. In this period, Plaintiff is owed a minimum wage difference for 123 hours worked weekly.

109. During her time of employment with Defendant, Plaintiff was unable to take bonafide lunch periods.

110. On weekends, Plaintiff was required to be on duty for 48 continuous hours, in which she was unable to sleep at least 5 hours in her entire shift. Thus, on Saturdays and Sundays, the 24 hours must be counted as working hours as per FLSA regulations.

111. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff.

112. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

113. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

114. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

115. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on preliminary calculations and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage rate is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Twenty-Eight Thousand Eight Hundred Seventy-Seven Dollars and 34/100 ($28,877.34)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 107 weeks
Total number of relevant weeks: 94 weeks

**1.- First period, Min. wage from May 8, 2020, to November 1, 2020=, 25 weeks**

Total relevant weeks: 25 weeks
Total hours worked: 93 hours weekly
Paid weekly:  $250.00:30 hours=$8.33
Florida minimum wage 2020: $8.56-$8.33 rate paid=$0.23
Min. wage difference: $0.23

$0.23 x 30 hours=$6.90 weekly x 25 weeks=$172.50

**2.- Second period, Min. wage from approx. December 01, 2020, to approx. February 28, 2021= 13 weeks**

    Total relevant weeks: 13 weeks
    Total hours worked: 93 hours weekly
        Paid weekly:  $300.00:93 hours=$3.23
Florida minimum wage 2021: $8.65-$3.23 rate paid=$5.42
Minimum wage difference: $5.42

$5.42 x 93 hours=$504.06 weekly x 13 weeks=$6,552.78

**3.- Third period, Min. wage from approx. May 01, 2021, to approx. December 31, 2021= 35 weeks**

    Total relevant weeks: 35 weeks
    Total hours worked: 78 hours weekly
        Paid weekly:  $420.00:78 hours=$5.38
Florida minimum wage 2021: $8.65-$5.38 rate paid=$3.27
Minimum wage difference: $3.27

$3.27 x 78 hours=$255.06 weekly x 35 weeks=$8,927.10

**4.- Fourth period, O/T from approx.January 01, 2022, to May 31, 2022=21 weeks**
    Total relevant weeks: 21 weeks
    Total hours worked: 123 hours weekly
        Paid weekly:  $600.00:123 hours=$4.88
        Florida minimum wage 2022: $10.00-$4.88=$5.12
        Minimum wage difference: $5.12

        $5.12 x 123 hours=$629.76 weekly x 21 weeks=$13,224.96

    Total #1, # 2, #3, and #4:  $28,877.34

c. <u>Nature of wages:</u>

    This amount represents Minimum unpaid wages at FL min. wage rate.[2]

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

116. Plaintiff Dolores J. Matute was not paid minimum wages for the hours and relevant periods specified above.

117. Therefore, Defendant Guillermo R. Ruz unlawfully failed to pay minimum wages to Plaintiff. Defendant Guillermo R. Ruz knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff Dolores J. Matute these minimum wages, and Plaintiff is entitled to recover double damages.

118. Defendant Guillermo R. Ruz willfully and intentionally refused to pay Plaintiff Dolores J. Matute minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages, as set forth above.

119. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment.

120. Plaintiff Dolores J. Matute has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable Attorneys' fee.

## Prayer for Relief

Wherefore, Plaintiff Dolores J. Matute respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Dolores J. Matuteand against Defendant Guillermo R. Ruz based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Dolores J. Matute actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Dolores J. Matute an equal amount in double damages /liquidated damages; and

D. Award Plaintiff Dolores J. Matute reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Dolores J. Matute demands trial by jury of all issues triable as of right by jury.

Date: January 31, 2023

Respectfully submitted,

By: __/s/ **Zandro E. Palma**__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*